520 So.2d 1070 (1987)
STATE of Louisiana
v.
Henry PREJEAN.
No. CR87-416.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
Carrol L. Spell, Lafayette, for defendant-appellant.
Michelle Jackson, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
GUIDRY, Judge.
Defendant, Henry Prejean, was indicted by a grand jury, on March 29, 1985, with a violation of La.R.S. 14:30.1, second degree murder, in connection with the death of Ernest Broussard. On November 12, 1986, prior to the scheduled start of his trial, Prejean entered into a plea bargain agreement with the State wherein he withdrew his former plea of not guilty and not guilty by reason of insanity and entered a plea of guilty to manslaughter, a violation of La.R. S. 14:31. Pursuant to the plea bargain agreement, the defendant and the prosecution agreed that defendant would receive a *1071 sentence of 20 years at hard labor with credit for time served. The defendant was sentenced accordingly. From that sentence, the defendant appeals.
The only issue presented by defendant in his appellate brief is that "... the instant sentence is violative of the State and Federal Constitutions, in that the sentencing Court failed to particularize the basis for the sentence, or consider circumstances mitigating [sic] for incarceration and those mitigating against it".
While La. Const. art. 1, § 20 prohibits the imposition of excessive sentences, i.e., sentences which are grossly out of proportion to the severity of the crime, even though within statutory limits, and La.C. Cr.P. art. 894.1 requires the sentencing judge to state for the record the aggravating and mitigating factors he considered in imposing sentence, it is well settled that a defendant who agrees to a particular sentence in a plea bargain agreement may not subsequently appeal that sentence as being excessive or on the basis that the trial judge failed to adequately comply with the sentencing guidelines in La.C.Cr.P. art. 894.1. State v. Curry, 400 So.2d 614 (La. 1981); State v. Gray, 404 So.2d 1215 (La. 1981); State v. Bell, 412 So.2d 1335 (La. 1982); State v. Edwards, 434 So.2d 395 (La.1983).
The record reveals the following colloquy during the plea proceedings:
"THE COURT:
Mrs. Jackson and Mrs. Sadler, would you inform the Court if there has been a plea agreement; and if so give us the terms.
MS. JACKSON:
Your Honor, we have agreed to a plea. The state has agreed to reduce the charge from second-degree murder to manslaughter, with the understanding that the defendant would receive a recommended sentence of twenty (20) years at hard labor, with credit for any time served prior to posting bond on this charge; and further, that the plea and sentence would both be imposed at the time of the plea, which would be on today's date.
THE COURT: All right, is that your understanding, Mrs. Sadler?
MS. SADLER: That's correct, Your Honor.
THE COURT: And is that your understanding Mr. Prejean?
THE DEFENDANT: Yes sir.
THE COURT: And do you agree to it?
THE DEFENDANT: Yes sir."
As the record clearly demonstrates that the defendant was informed of the length of the sentence he would receive and that he was thereafter sentenced to the agreed upon term, we find no merit in defendant's appeal.
Accordingly, the conviction and sentence of Henry Prejean are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.