GUIDRY, Judge.
On February 3,1988, the defendant, Kenneth B. McCaleb, pleaded guilty to the crime of possession of methamphetamine, a violation of La.R.S. 40:967(C). On February 3, 1988, pursuant to a plea bargain agreement, defendant was sentenced to serve a three year term of imprisonment. He now appeals alleging only that his sentence is excessive.
On April 2, 1987, defendant was stopped by a state police officer because he did not have a license plate on his vehicle. A check with the department of motor vehicles revealed that the defendant had an outstanding warrant and that his license plate had expired. Defendant was arrested. A pat-down search of his person uncovered a vial containing a white powdery substance, subsequently tested by the crime lab and found to be methamphetamine.
Defendant argues that the three year sentence he received, and which he agreed to pursuant to a plea bargain arrangement, is excessive. Defendant argues that his status as a farm operator and long time resident of Natchitoches Parish, coupled with the fact that he possessed only a small quantity of methamphetamine, supports a lesser sentence. Defendant further contends that the trial court erroneously considered the fact that seventeen charges had been previously filed against defendant because not all of these resulted in convictions.
It is well settled that a defendant who agrees to a particular sentence in a plea bargain agreement may not subsequently appeal his sentence as being excessive. State v. Prejean, 520 So.2d 1070 (La.App. 3rd Cir.1987), and cases cited therein.
The defendant was aware of, and agreed to, his three year sentence and cannot now complain that his sentence is excessive.
AFFIRMED.