# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CP-01060-SCT

*DARRYL BANNISTER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/02/1997 |
| TRIAL JUDGE: | HON. FRANK ALLISON RUSSELL |
| COURT FROM WHICH APPEALED: | TISHOMINGO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 1/14/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/99 |

**BEFORE PITTMAN, P.J., SMITH AND MILLS, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. This appeal is from an Order dated October 2, 1997, of the Circuit Court of Tishomingo County granting in part and denying in part a motion for post-conviction collateral relief filed by Darryl Bannister on April 20, 1993. The motion sought to vacate Bannister's convictions upon pleas of guilty, entered on April 27, 1990, to capital murder, burglary, armed robbery, and two counts of escape.

¶2. The Circuit Court granted Bannister's post-conviction relief motion as to his conviction for burglary , since it was the same crime used as the underlying felony for the capital-murder conviction, and denied the motion as to the other convictions. Feeling aggrieved, Bannister appeals to this Court and raises the following issues:

**I. THE COURT ERRED IN CHARGING BANNISTER WITH THREE CRIMES WHEN IN FACT THERE WAS ONLY ONE, THAT BEING CAPITAL MURDER WITH THE UNDERLYING CRIME BEING BURGLARY OF AN OCCUPIED DWELLING AT NIGHT**

**ARMED WITH A DEADLY WEAPON.**

**II. THE COURT ERRED IN CHARGING AND CONVICTING BANNISTER OF BURGLARY OF A DWELLING AND ARMED ROBBERY, AS THESE TWO CONVICTIONS WERE ONLY ONE OFFENSE, THAT BEING CAPITAL MURDER WITH THE UNDERLYING OFFENSE BEING BURGLARY.**

**III. THE COURT ERRED IN ACCEPTING BANNISTER'S GUILTY PLEA, AS IT VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION.**

**IV. THE COURT ERRED IN VACATING AND SETTING ASIDE BANNISTER'S CONVICTION AND SENTENCE FOR THE BURGLARY AND RETAINING HIS CONVICTIONS FOR CAPITAL MURDER AND ARMED ROBBERY AS ALL THREE OF THESE CRIMES WERE ONE OFFENSE, THAT BEING CAPITAL MURDER DURING THE COMMISSION OF A BURGLARY.**

**V. THE COURT ERRED IN VACATING AND SETTING ASIDE BANNISTER'S CONVICTION AND SENTENCE FOR THE BURGLARY AND RETAINING HIS CONVICTIONS FOR CAPITAL MURDER AND ARMED ROBBERY AS ALL THREE OF THESE CONVICTIONS (PLUS TWO OTHER CONVICTIONS) WERE ALL PART OF ONE PLEA BARGAIN AGREEMENT.**

**VI. BANNISTER'S COUNSEL DURING THE TRIAL PHASE WAS INEFFECTIVE, AS HIS COUNSEL (MR. MIKE COOKE) NEVER OBJECTED TO THE DOUBLE JEOPARDY MR. BANNISTER WAS BEING SUBJECTED TO, NOR DID HE EVER ADVISE MR. BANNISTER OF HIS RIGHT TO PROTECTION AGAINST DOUBLE JEOPARDY, AND MR. COOKE ALLOWED BANNISTER TO MAKE A PLEA AGREEMENT THAT WAS IN DIRECT VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION.**

## LEGAL ANALYSIS

**I. THE COURT ERRED IN CHARGING BANNISTER WITH THREE CRIMES WHEN IN FACT THERE WAS ONLY ONE, THAT BEING CAPITAL MURDER WITH THE UNDERLYING CRIME BEING BURGLARY OF AN OCCUPIED DWELLING AT NIGHT ARMED WITH A DEADLY WEAPON.**

**II. THE COURT ERRED IN CHARGING AND CONVICTING BANNISTER OF BURGLARY OF A DWELLING AND ARMED ROBBERY, AS THESE TWO CONVICTIONS WERE ONLY ONE OFFENSE, THAT BEING CAPITAL MURDER WITH THE UNDERLYING OFFENSE BEING BURGLARY.**

**IV. THE COURT ERRED IN VACATING AND SETTING ASIDE BANNISTER'S CONVICTION AND SENTENCE FOR THE BURGLARY AND RETAINING HIS CONVICTIONS FOR CAPITAL MURDER AND ARMED ROBBERY, AS ALL THREE OF THESE CRIMES WERE ONE OFFENSE, THAT BEING CAPITAL MURDER DURING THE**

**COMMISSION OF A BURGLARY.**

¶3. Bannister contends that the court erred in convicting him of three crimes when in fact there was only one offense, that being capital murder with the underlying offense being burglary. The three crimes that Bannister is referring to are capital murder, burglary of an occupied dwelling at night armed with a deadly weapon and armed robbery. He asserts that all three charges were the result of one single incident, one actual crime.

¶4. Bannister offers all three counts of his grand jury indictment. The first count, is that Darryl Bannister did willfully, unlawfully and feloniously, and with deliberate design kill and murder William Soloman a human being while he, the said Darryl Bannister, was engaged in the felony crime of burglary, in violation of Miss. Code Ann., Section 97-3-19 (2)(e). The second count, is that Darryl Bannister did willfully, unlawfully, feloniously and burglariously break and enter a certain occupied dwelling house at night armed with a deadly weapon, the property of William Soloman, at a time when William Soloman, a human being was present therein, with the felonious and burglarious intent to take, steal and carry away the goods, chattles and personal property of the said William Soloman, in said dwelling house being kept for use or storage. The third count, is that in and upon William Soloman, then and there Darryl Bannister did unlawfully and feloniously make an assault on the said William Soloman, and did then and there feloniously put in fear of immediate injury to his person, by the exhibition of a deadly weapon, to-wit a knife, and from his presence and against his will, did feloniously and unlawfully rob, steal and carry away a hunting knife, and a .22 caliber rifle, the personal property of the said William Soloman.

¶5. Bannister argues that counts 1,2, and 3, all have the same and almost identical language. Bannister cites the case of *United States v. Shaw,* 701 F. 2d 367 (5th Cir. 1983) for the proposition that "a defendant may be convicted of two separate offenses arising from a single act so long as each requires proof of fact not essential to the other."

¶6. Bannister contends that a review of the case shows that only capital murder with the underlying crime of robbery was committed. He asserts that the statute for capital murder the state chose to use states that robbery was the underlying crime and the state chose to make another count of robbery and yet still a third count of armed robbery which is also included in the statute used for the capital murder.

¶7. Bannister argues that he should not have been convicted of burglary of an occupied dwelling at night with a deadly weapon and armed robbery because both of these crimes have essential elements of the principle offense of capital murder during the commission of a robbery. Bannister cites *Whalen v. United States*, 445 U.S. 684 (1980), for the principle that the three primary purposes of the Double Jeopardy Clause are that (1) it protects against a second prosecution for the same offense after an acquittal, (2) it protects against a second prosecution for the same offense after a conviction, and (3) it protects against multiple punishments for the same offense. Bannister offers that there can be no question that three convictions cannot stand for what is, at most, one crime.

¶8. In issues two and four Bannister contends that on October 2, 1997 Circuit Judge Frank A. Russell filed an Order vacating and setting aside his conviction and sentence for the burglary of a dwelling at night while armed with a deadly weapon.

¶9. Bannister argues that the armed robbery conviction should also have been vacated and set aside as there is essentially no difference between armed robbery and burglary of an occupied dwelling at night while armed with a deadly weapon.

¶10. The State contends that the Circuit Court granted appropriate post-conviction collateral relief by vacating the burglary conviction, but argues that the claim that it was a double jeopardy violation for Bannister to be convicted of both capital murder/burglary and armed robbery is without merit.

¶11. Bannister was convicted, by way of guilty plea, of capital murder/burglary, burglary while armed with a deadly weapon, armed robbery and two counts of escape. Bannister filed a post conviction relief motion in the trial court alleging that the conviction of burglary constituted double jeopardy as that charge was used as the aggravating factor in his capital murder conviction. The trial court agreed and vacated the conviction and sentence for the burglary charge. He now contends that the armed robbery conviction should have been set aside because essentially there is no difference between armed robbery and burglary.

¶12. Although the state may freely define crimes and assign punishments, it is not allowed to punish a defendant for a crime containing elements which are completely enveloped by an offense for which a defendant was previously convicted. See ***Blockburger v. United States***, 284 U.S. 299 (1932). "If an individual is charged with two offenses, and all the elements of one are included within and are part of a second greater offense, Blockburger intervenes. It charges that we compare statutory offenses, as indicated, and see whether each requires proof of a fact which the other does not." ***Meeks v. State***, 604 So. 2d 748, 751 (Miss. 1992). "Even though there may be a substantial overlap in the proof supporting the convictions of the different crimes, the ***Blockburger*** test is met where each offense requires proof of an element not necessary to the other." ***Holly v. State***, 671 So. 2d 32, 44 (Miss. 1996) (citing ***Brock v. State***, 530 So. 2d 146, 150 (Miss. 1988)).

¶13. Bannister's capital murder conviction fell under Miss. Code Ann. § 97-3-19 (2)(1994) which provides as follows:

> (2) The killing of a human being without the authority of law by any means or in any manner shall be capital murder.....

> (e) When done with or without any design to effect death, by any person engaged in the commission of the crime of ... burglary...

¶14. Miss. Code Ann. § 97-17-21 provides the definition of those people guilty of the crime of burglary:

> Every person who shall be convicted of breaking and entering, in the day or night, the dwelling house of another, in which there shall be, at the time, some human being, with intent to commit some crime therein, either by forcibly bursting or breaking the wall, or an outer door.... shall be guilty of burglary.

¶15. Bannister's conviction for armed robbery fell under Miss. Code Ann. § 97-3-79 which provides the definition of those guilty of the crime of robbery; use of a deadly weapon:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon.....

¶16. Following ***Blockburger***, each offense requires proof of an element not necessary to the other. Therefore, Bannister was correctly charged with capital murder/burglary and armed robbery. The ruling of the lower court is affirmed.

**III. THE COURT ERRED IN ACCEPTING BANNISTER'S GUILTY PLEA, AS IT VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION.**

**V. THE COURT ERRED IN VACATING AND SETTING ASIDE MR. BANNISTER'S CONVICTION AND SENTENCE FOR THE BURGLARY AND RETAINING HIS CONVICTIONS FOR CAPITAL MURDER AND ARMED ROBBERY AS ALL THREE OF THESE CONVICTIONS WERE PART OF ONE PLEA BARGAIN AGREEMENT.**

¶17. Bannister entered into a plea agreement with the lower court and was convicted of the charges of capital murder/burglary, burglary armed with a deadly weapon, armed robbery and two escape charges. He requested post conviction relief asking the court to set aside the sentences and convictions of all crimes. The court gave partial relief in that it set aside the conviction and sentence for the burglary charge and left the rest of the sentence intact.

¶18. Bannister cites the case of *Fuselier v. State*, 654 So. 2d 519 (Miss. 1995) for the proposition that "Error in charging defendant with capital murder and same burglary that was necessary to support capital murder offense and accepting guilty pleas on both charges necessitated vacation of both burglary conviction and sentences as well as guilty plea to capital murder and sentences..."

¶19. In *Fuselier,* defendant pled guilty to capital murder and burglary and in exchange received a non-recidivist life sentence for capital murder and a consecutive 25 year sentence for burglary. Fuselier moved to set aside judgment of the burglary conviction. His motion was denied. This Court found the trial court erred in allowing Fuselier to plead guilty to two separate crimes when he was only charged with one. The Court vacated Fuselier's burglary conviction and sentence as well as his guilty plea to capital murder reasoning:

> "If we were to reverse and render only his burglary conviction and sentence, Fuselier, who testified at his plea hearing that he had four previous felony convictions, would now be eligible for parole on the capital murder sentence. In all probability, the State would never have made a plea bargain allowing Fuselier to plead to non-habitual capital murder, making him eligible for parole, if it had not been for the additional twenty-five year sentence for burglary. Fuselier should not be allowed to benefit from an invalid plea bargain entered into in good faith by the State.

*Fuselier*, 654 So. 2d at 523.

¶20. This case can be distinguished in that the lower court corrected its error and granted Bannister his relief by vacating his conviction for the burglary that was used to effectuate the capital murder. This would not put Bannister in a position contrary to the agreement the State intended because the sentences were to run concurrent. Therefore, the decision of the lower court is affirmed.

**VI. BANNISTER 'S COUNSEL DURING THE TRIAL PHASE WAS INEFFECTIVE, AS HIS COUNSEL NEVER OBJECTED TO THE DOUBLE JEOPARDY MR. BANNISTER WAS BEING SUBJECTED TO, NOR DID HE EVER ADVISE MR. BANNISTER OF HIS RIGHT TO PROTECTION AGAINST DOUBLE JEOPARDY, AND HE ALLOWED BANNISTER TO MAKE A PLEA AGREEMENT THAT WAS IN DIRECT VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION.**

¶21. Bannister raises this issue but fails to address it in his brief. Bannister has waived the point by failing to support this claim with authority. This Court held in ***Underwood v. State***, 708 So. 2d 18, 26 (Miss. 1998):

> We have held that "issues unsupported and not argued are abandoned and need not be considered." ***Thibodeaux v. State***, 652 So. 2d 153, 155 (Miss. 1995) (citing ***Pate v. State***, 419 So. 2d 1324, 1325-26 (Miss. 1982)).

¶22. By not addressing this issue in his brief, Bannister has waived the point.

## CONCLUSION

¶23. Bannister pled guilty to capital murder with the underlying felony of burglary, burglary of a dwelling at night while armed, and armed robbery, along with two counts of escape. The lower court correctly granted Bannister post-conviction relief by vacating the burglary at night while armed. Armed robbery and burglary each require an element not necessary to the other. Therefore, the ruling of the lower court is affirmed.

¶24. **DENIAL OF POST-CONVICTION RELIEF AFFIRMED**.

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**