JiCOOKS, Judge.
Defendant, Mary Blanchard, appeals as excessive her sentence of twenty-five (25) years at hard labor for distribution of cocaine in violation of La.R.S. 40:967.
FACTS
On May 2, 1995, the St. Martinville Sheriffs Office received a complaint from a concerned citizen regarding defendant’s thirteen year old daughter who pawned stereo equipment for money to purchase crack cocaine. The police went to defendant’s residence; and, after defendant and her daughter were informed of their Miranda rights, the officers noticed track marks on the daughter’s arms. The officers then inquired whether defendant had any syringes in the residence. Defendant produced two syringes. Subsequently, she was arrested for possession of drug paraphernalia. At the St. Martinville Parish Jail, defendant’s daughter stated her mother was the first person to inject her with cocaine. The child also revealed she purchased cocaine in the past from Melvin Mitchell.
^Defendant initially was charged with violating La.R.S. 40:981, which makes it unlawful to distribute cocaine to a person under the age of eighteen. The charge was amended; and, defendant instead pled guilty to violating La.R.S. 40:967, which criminalizes the distribution of cocaine and provides for a term of imprisonment at hard labor for not less than five years nor more than thirty years. Testifying at the sentencing hearing *1163 of her co-defendant, Melvin Mitchell, defendant admitted she injected cocaine into the veins of her thirteen-year-old daughter. She also testified she injected her daughter between thirty and forty times. The State introduced as evidence at defendant’s sentencing hearing the entire transcript of Melvin Mitchell’s sentencing hearing. After considering the transcript of Melvin Mitchell’s sentencing hearing, defendant’s presentence investigation report, various letters submitted to the judge on behalf of defendant, and defendant’s statement, the trial judge sentenced her to serve twenty-five years at hard labor. Defendant filed a Motion to Reconsider Sentence which was denied. Defendant now appeals, alleging her sentence is excessive.
ANALYSIS
Defendant contends the sentence imposed by the trial court is excessive' under the circumstances and otherwise constitutes cruel and unusual punishment. The State maintains defendant is precluded from appealing her sentence based on La.Code Crim.P. art. 881.2(2), which provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
This court has held that a defendant who agrees to a particular sentence in a plea bargain agreement may not subsequently appeal his sentence claiming excessiveness. State v. Prejean, 520 So.2d 1070 (La.App. 8 Cir.1987); State v. McCaleb, 534 So.2d 80 (La.App. 3 Cir.1988). However, the record in this case does not evidence that defendant agreed to a specific sentence. Accordingly, this court has jurisdiction to review defendant’s sentence.
La.R.S. 40:967(B)(1) states “any person who violates this provision shall be sentenced to imprisonment at hard labor for not less than five years nor more than thirty years.” Contending her sentence is excessive, defendant points out: 1) She is the mother of an infant child, who at the time of the guilty plea was six months old; 2) she pled guilty and accepted responsibility for her actions; and 3) she testified at her co-defendant’s sentencing hearing which obviated the need for a trial which in turn “saved the State and the Parish a considerable amount of resources.”
Defendant was given nearly the maximum sentence allowable. Maximum or near maximum sentences are generally reserved for the worst offenders and the worst offenses. State v. Sepulvado, 26,948 (La.App. 2 Cir. 5/10/95), 655 So.2d 623, writ denied, 95-1437 (La.11/13/95), 662 So.2d 465. In its reasons for sentencing, the trial court stated in pertinent part:
The court has reviewed the pre-sentence investigation regarding the offense to which you have pled guilty to, in addition to reviewing the letters that have been forwarded to the court on your behalf, and the transcript of the sentencing hearing, regarding the co-defendant, Mr. Melvin Joseph Mitchell.
What is disturbing to the court is the fact that we have, not only drugs involved but the fact that there is a minor child involved, and let alone your own. And the fact that you yourself played a role in allowing this child to become an addict. I have seen the child through the course of juvenile court, so I’m getting to see this case on both ends.
It is indeed disturbing when you have a parent who is making basically an addict out of their own child. So senseless. It just makes no sense and it is indeed disturbing.
I honestly feel that there is nothing that you could tell mejjtoday, that can justify your actions. This is the worse type of crime that I feel a parent can commit on a child, in addition to any type of sexual offense.
You have basically screwed up this child’s life. Who knows what type of future this young lady may have, based on your and the co-defendant’s actions.
The trial court has wide discretion in imposing sentence, and a sentence imposed within statutory limits is not necessarily constitutionally excessive absent manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
*1164 The record reveals defendant is thirty-four years in age and a first felony offender. However, defendant’s decision to supply cocaine and inject it into the veins of her thirteen-year-old daughter was the most aggravating and compelling factor that prompted the trial judge to impose the near maximum sentence in her case. The trial judge specifically noted defendant’s action will detrimentally impact the young girl well into the future. Defendant injected her thirteen-year-old child with crack cocaine on approximately thirty to forty occasions. As a parent, defendant had a duty legally to protect her child and to place her safekeeping above her personal interests. There is no reasonable justification or explanation for defendant’s substandard parental and criminal conduct which caused lifelong injury to her own offspring. A mother who cared so little for and caused so much harm cannot reasonably expect the constitution to grant more mercy than she was willing to grant to her own child. We are not shocked by the trial judge’s decision to impose nearly the maximum sentence allowed by statute and the constitution has not been offended in the least.
Additionally, we note defendant benefitted greatly from the plea bargain she negotiated with the State. Initially she was charged with distribution of cocaine to a minor, a violation of La.R.S. 40:981, which mandates a sentence of life imprisonment at hard labor. Defendant also admitted she injected her daughter with cocaine between thirty and forty times. Each act of injection constitutes a violation of |5the statute. The State could have charged defendant in separate counts with distributing cocaine to a minor, exposing her to even greater punishment, i.e., several life sentences. We are satisfied that defendant’s penalty measurably contributes to acceptable penal goals and is proportionate to the severity of the erime.
ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. We have discovered one patent error. Defendant was not informed of the three-year time limit for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, the district court is directed to inform defendant of the provisions of Article 930.8 by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof of receipt in the record of these proceedings. See State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).
DECREE
For the foregoing reasons, we affirm defendant’s conviction and sentence. We further direct the trial court to inform the defendant of the prescriptive period for post-conviction relief by sending the appropriate written notice to defendant within ten days of the rendition of this opinion and to file in the record of the proceedings written proof of defendant’s receipt of the notice.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.