785 So.2d 184 (2001)
STATE of Louisiana, Appellee,
v.
Quincy Demond HOOVER, Appellant.
Nos. 34,952-KA, 34,953-KA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2001.
*185 Bridgett E. Brown, Alexandria, Counsel for Appellant.
Richard P. Ieyoub, Attorney General, Robert W. Levy, District Attorney, Counsel for Appellee.
Before BROWN, WILLIAMS and CARAWAY, JJ.
PER CURIAM.
Finding these appeals to be either moot or completely without merit, we exercise our authority under U.R.C.A. Rule 2-11.3, and assign these cases for summary disposition, without oral argument. These cases were docketed with this court as appeals. A review of the record shows that on October 13, 2000, the defendant filed a "Notice of Intention to Apply for Writs of Certiorari and Review." The trial court granted him a delay to file his writ *186 application. The district clerk of court sought and received two extensions to prepare the records, and the records were timely lodged.
As to Case No. 34,953-KA (conspiracy to distribute marijuana), the record shows that on February 17, 2000 the underlying prosecution was dismissed by the state in return for the guilty plea in # 45,072 (No. 34,952-KA). Accordingly, this appeal is moot, and is hereby dismissed.
In Case No. 34,952-KA (possession of marijuana with the intent to distribute), the defendant assigns as error the trial court's denial of his motions to withdraw his guilty plea and for reconsideration of sentence. Each will be addressed separately.

MOTION TO WITHDRAW SENTENCE
The record of that case shows that on July 15, 1999, Mr. Lewis Jones, with the Office of the Indigent Defender, was appointed to represent the defendant, Quincy Hoover. He also represented the defendant in his original not guilty plea of the same date. Mr. Jones had also appeared in open court on behalf of the defendant several more times between July 15, 1999 and February 17, 2000.
The record also shows that on February 17, 2000, the defendant appeared before the district court, with his court-appointed counsel, Lewis Jones, and as part of a plea agreement with the state, withdrew his previous plea of not guilty, and pled guilty to possession of marijuana with the intent to distribute. The agreed sentence was 11 years at hard labor, concurrent with a possible 3-year sentence from a probation revocation. The state also agreed to dismiss the companion conspiracy to distribute charge, and not to seek habitual offender status against the defendant. The defendant's sentencing was deferred until August 31, 2000 to allow the defendant to finish school.
The record further reveals that the trial court conducted an excellent and extensive colloquy with defendant, one that went well beyond that required by the jurisprudence. Not only did the judge inform the defendant of his Boykin rights and ascertain that they were fully understood, but he also informed him of various other consequences of the plea and asked thorough questions of the defendant and counsel to determine that defendant understood the nature of the proceedings and that the plea was in his best interest. With regard to the plea agreement, the court not only informed the defendant of the plea agreement, but asked him questions. The defendant's responses show that defendant was fully aware of the plea agreement and had discussed it with his attorney. The court also explained the plea's effect on the defendant's appeal rights. The defendant, when questioned by the judge, confirmed that he was completely satisfied with the representation. The defendant stated that he had not been coerced into making the plea. Consequently, based on his very comprehensive colloquy and the record before him, the district judge concluded that the plea was in defendant's best interest and that it was knowingly and voluntarily made.
On August 31, 2000, the defendant, again represented by Mr. Lewis Jones, was sentenced to the exact terms of his plea agreement.
On October 13, 2000, the defendant, represented by new counsel filed a motion to reconsider sentence and withdraw his guilty plea. The trial court denied the motion, ex parte. Thereafter the defendant sought review from this Court, assigning as error, the trial court's denial of his motion to withdraw his guilty plea.
*187 A defendant has no absolute right to withdraw a guilty plea. State v. Essex, 618 So.2d 574 (La.App. 2d Cir. 1993). A trial court may allow a guilty plea to be withdrawn at any time prior to sentencing. LSA-C.Cr.P. art. 559(A). The withdrawal of a guilty plea is discretionary with the trial court, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Essex, supra.
After sentence has been imposed, LSA-C.Cr.P. art. 559 does not apply. But, the trial court can still grant a post-sentence motion to withdraw a guilty plea. If the trial court finds either that the guilty plea was not free and voluntary or that the Boykin colloquy was inadequate (to the extent of violating the defendant's constitutional rights), the trial court has the authority to vacate the sentence and set aside the plea. State v. Boudreaux, 616 So.2d 733 (La.App. 1st Cir.1993), citing State v. Lewis, 421 So.2d 224 (La.1982). In Lewis the supreme court stated:
[I]t is only reasonable to permit withdrawal... because it (guilty plea) may be attacked on constitutional grounds, even after sentence by a writ of habeas corpus. Hence, judicial economy obviously suggests that the trial judge should have jurisdiction to immediately conduct a hearing ... even after sentence.
When the record establishes that an accused was informed of and waived his right to trial by jury, to confront his accusers and against self-incrimination, the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. State v. Bradford, 627 So.2d 781 (La.App. 2d Cir.1993). See also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
Pursuant to a plea bargain, on February 17, 2000, defendant pled guilty to one count of possession of marijuana with the intent to distribute, and the dismissal of a conspiracy to distribute charge. The state recommended an agreed-upon sentence of 11 years, concurrent with a 3-year sentence from a possible probation revocation. As discussed above, the record shows the trial court went through an extensive colloquy that discussed all applicable constitutional rights with defendant and discussed the rights the defendant was waiving by pleading guilty. The trial court found that there was a factual basis for defendant's pleas, that the pleas were freely and voluntarily made and that defendant understood the nature of the charges against him. This court agrees.
Reasons supporting the withdrawal of a guilty plea would ordinarily include factors bearing on whether the guilty plea was voluntarily or intelligently made, such as a breach of a plea bargain, inducement, misleading advice of counsel, strength of the evidence of actual guilt or the like. A mere change of heart or mind by the defendant as to whether he made a good bargain will not ordinarily support allowing the withdrawal of a bargained guilty plea. Without fraud, intimidation or incompetence of counsel, a guilty plea is not made less voluntary or informed by the considered advice of counsel. Also, misunderstandings between the defendant and his defense counsel do not render a guilty plea involuntary. State v. Cook, 32,110 (La.App.2d Cir.6/16/99), 742 So.2d 912. A guilty plea is also invalid when the defendant is induced to plead guilty by a plea agreement or by what the defendant reasonably believes is a plea agreement and the terms of the bargain are not satisfied. State v. Holmes, 475 So.2d 1057 (La.1985); State v. Jones, 546 So.2d 1343 (La.App. 3d Cir.1989). Here, the trial court sentenced *188 the defendant to exactly what was contained in the original plea agreement.
Where a defendant's alleged misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there are no grounds for withdrawal of the plea. State v. Jones, supra. In the absence of fraud, intimidation or incompetence of counsel, a guilty plea is not made less voluntary or less informed by the considered advice of counsel. State v. Readoux, 614 So.2d 175 (La.App. 3d Cir.1993).
Indeed, defendant benefitted substantially from the plea bargain, a factor that should be considered in evaluating a request to withdraw a plea. See State v. Curtis, 28,309 (La.App.2d Cir.8/21/96), 679 So.2d 512, writ denied, 96-2322 (La.2/7/97), 688 So.2d 496. Moreover, the excellent and lengthy plea colloquy by the trial court clearly shows that defendant understood his rights as well as the consequences of his plea, and that he was satisfied with his counsel.
On this record, we find no abuse of discretion or arbitrary action in the district court's refusal to grant the post-sentencing motion to withdraw a guilty plea. We also find no abuse of discretion in the district court's dismissal of the motion to withdraw the guilty plea without a hearing. Because the motion was filed after sentencing, LSA-C.Cr.P. art. 559 would not apply. Instead, LSA-C.Cr.P. arts. 928 & 929 would apply, and the trial court can summarily dismiss the motion when it "fails to allege a claim which, if established, would entitle the petitioner to relief." Defendant failed to show in his original motion, or in his brief before this Court, that his guilty plea was involuntarily or unintelligently entered based on any ineffective assistance of counsel, or any other violation of his constitutional rights. This assignment is without merit.

MOTION TO RECONSIDER SENTENCE
The assignment of error asserts the trial court erred in denying the defendant's motion to reconsider his sentence. The issue was not briefed. Assignments of error that are neither briefed nor argued are considered abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989); U.R.C.A. 2-12.4.
The defendant, a multiple felon, significantly benefitted from an agreed-upon sentencing cap, the dismissal of the companion charge, the running of the sentence concurrent with a probation revocation sentence, and an agreement not to seek habitual offender status. The charges stemmed from the sale of 10 to 15 pounds of marijuana. It was clear that the defendant was involved in selling large amounts of marijuana, and that his sentences were justified.
The trial court is correct. A defendant who agrees to a particular sentence in a plea bargain may not subsequently appeal his sentence as being excessive. State v. McCaleb, 534 So.2d 80 (La.App. 3 Cir.1988). This assignment is also without merit.

CONCLUSION
Finding no error in the trial court's ruling, the defendant's conviction and sentence under Case No. 34,952-KA are affirmed. The appeal in Case No. 34,953-KA is hereby dismissed as moot.