KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 24. Because I would affirm Burrell’s conviction but would vacate the sentence and remand this case to the Circuit Court of Tunica County for the trial court to conduct a sentencing hearing with a jury, I respectfully concur in part and dissent in part. ■
¶ 25. The jury found Burrell guilty as charged of having violated Mississippi Code Section 97-3-53, which provides that:
Any person who, without lawful authority and with or without intent to secretly confine, shall forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be confined or imprisoned against his or her will, or without lawful authority shall forcibly seize, inveigle or kidnap any vulnerable person as defined in Section 43-47-5 or any child under the age of sixteen (16) years against the will of the parents or guardian or person having the lawful custody' of the child, úpon conviction, shall be imprisoned for life in the custody of the Department of Corrections if the punishment is so fixed by the jury in its verdict. If the jury fails to agree on fixing the penalty at imprisonment for life, the court shall fix the penalty at not less than one (1) year nor more than thirty (80) years in the custody of the De partment of Corrections.
Miss.Coc e Ann. § 97-3-53 (Rev.2014). The trial court sentenced Burrell, as an habitual offender under Mississippi Code Section 99-19-81,[7] to thirty years’ imprisonment, without possibility of parole.
¶ 26, The majority affirms, finding that “Burrell could have received a life sentence under the kidnapping statute,” and that “[sjince the State did not seek a life sentence, the statute provided for a .thirty-year sentence, which was mandatory with the habitual-offender enhancement.” Maj. Op. ¶ 21. It is true that the State did not seek a life sentence. But the language of the statute requires that the question of life imprisonment be presented to the jury in order for the jurors either to exercise or forego their right to fix a convicted kidnap: per’s sentence at imprisonment for life. According to Section 97-t3-53, the trial court’s consideration of a sentence is predicated upon the jury’s consideration of a life sentence and failing “to agree on fixing the penalty at imprisonment for life.” That predicate did not.occur' here. The-jury was not instructed regarding its duty to consider life imprisonment, and the verdict read only as follows: “We, the Jury, find the Defendant, TYRONE BURRELL, guilty of kidnapping.” ‘
¶ 27. This Court consistently has reversed the trial court’s imposition of sentences greater than the. statutory maximum where “the jury did not impose a life sentence.” Nelson v. State, 10 So.3d 898, 902 (Miss.2009). In Nelson, this Court reversed and remanded the case to the Circuit Court of Scott County for re-sentencing according to Mississippi Code Section 97-3-53 because the trial court sentenced Nelson to “forty years, which exceeded the statutory maximum.” Id. at 903 (emphasis in-original). The Court of *28 Appeals, too, has reversed for resentenc-ing in a case in which, in spite of the jury’s not having imposed a life sentence, the trial court sentenced the defendant to forty years. McBeath v. State, 66 So.3d 663, 666 (Miss.Ct.App.2010), cert. denied (Aug. 4, 2011).
¶28. In a case in which life imprisonment was imposed by the trial court, this Court held that, “[sjince a defendant convicted under this statute may not be sentenced to life imprisonment unless the jury fixes the penalty at life, this Court notes as plain error the fixing of the penalty ... at life imprisonment in the State Penitentiary by the trial judge.” Grubb v. State, 584 So.2d 786, 789 (Miss.1991). In that case, Grubb had pled guilty, and this Court vacated the sentence of life imprisonment and “remanded to the Circuit Court of Sunflower County for the sole purpose of resentencing Grubb on his plea of guilty to the charge of kidnapping in accordance with Miss.Code Ann. § 97-3-53 (Supp.1990)_” Id. at 790. Because the trial court resentenced Grubb to twenty years after the appeal had been perfected, this Court observed that the trial court had no authority to do so, since the trial court had lost jurisdiction of the case, but noted that “[tjhis remand is expressly without prejudice to Grubb’s right to seek imposition of the same twenty (20) year sentence imposed by the trial court at his resentencing hearing and without prejudice to the circuit court’s right to favorably consider that request, if it so desires.” Id.
¶29. Therefore, in the context of a guilty plea, the Grubb Court implied that a jury need not be impaneled to determine Grubb’s sentence, as long as the sentence is within the trial court’s statutory discretion. But a guilty plea is volitional on the part of the defendant. Here, where guilt was determined by a jury, the trial court did not submit the possibility of life imprisonment to the jury. That necessarily deprived the jury of its statutory obligation to consider it. And it deprived the trial court of its ability to sentence Burrell, because the jury did not “fail[ ] to agree on fixing the penalty at imprisonment for life.”
DICKINSON, P.J., AND KING, J., JOIN THIS OPINION.

. Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who ' shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be ■reduced or suspended nor shall such person be eligible for parole or probation. ¡
Miss.Code Ann. § 99-19-81 (Rev.2015).