654 So.2d 519 (1995)
Eric FUSELIER
v.
STATE of Mississippi.
No. 92-KP-00214-SCT.
Supreme Court of Mississippi.
April 20, 1995.
*520 Eric Fuselier, Parchman, pro se.
Michael C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PRATHER, P.J., and SULLIVAN and JAMES L. ROBERTS, Jr., JJ.
JAMES L. ROBERTS, Jr., Justice, for the Court:
This appeal comes from an order entered in the Circuit Court for the First Judicial District of Jones County, Mississippi, Judge Billy Joe Landrum presiding, denying a Motion to Set Aside Judgment of conviction of burglary filed by Eric Fuselier following his plea of guilty to Capital Murder and Burglary of an Occupied Dwelling. Feeling aggrieved by the trial court's ruling, Fuselier appeals to this Court raising the following issue:
WHETHER IT WAS IMPERMISSIBLE TO CHARGE THE CRIME OF CAPITAL MURDER AND THE SAME BURGLARY THAT WAS NECESSARY TO SUPPORT THE CAPITAL MURDER OFFENSE, IN ONE INDICTMENT, AND ACCEPT PLEAS ON BOTH CHARGES ARISING OUT OF THE SAME INDICTMENT.
The trial court, Judge James D. Hester presiding, committed reversible error in accepting guilty pleas and then sentencing Fuselier separately for capital murder as well as for the underlying felony of burglary (for which there was no separate indictment) which elevated the murder to capital murder. We must reverse Fuselier's convictions and sentences for both capital murder and burglary and remand for a new trial on the merits.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
Eric Fuselier ("Fuselier") was convicted and sentenced to death for the April 25, 1983, murder of Mrs. Rose Gunter in her Jones County home while in the commission of a felony. Mrs. Gunter was found in her bed, gagged, blindfolded and stabbed forty-one times. At the time of the murder Fuselier was an escapee from the Louisiana State Penitentiary. On appeal, this Court reversed Fuselier's conviction and sentence and remanded the case for a new trial. See Fuselier v. State, 468 So.2d 45 (Miss. 1985). Upon remand, a plea bargain was arranged whereby Fuselier plead guilty to both capital murder and burglary and in exchange received a nonrecidivist life sentence for the capital murder and a consecutive twenty-five year sentence for the burglary.
Contained in the court papers is a Stipulation of Facts entered into by District Attorney Wyatt Collins and Fuselier's trial attorney, Travis Buckley. This stipulation sets out the circumstances surrounding the plea bargain. According to the Stipulation, when Fuselier's conviction and sentence were reversed and remanded by this Court the State again sought to have Fuselier tried on the capital murder charge as a recidivist. Thus, Fuselier, if convicted and not given the death penalty, would be sentenced to life in prison without the possibility of parole.
A series of negotiations and discussions were had between the district attorney and defense counsel along with Clive Stafford Smith, an attorney practicing in Mississippi as well as several other states. During the course of these negotiations, Smith presented the district attorney with a copy of a Mississippi case he felt gave the State the authority to charge a defendant with both capital murder and burglary even when the burglary is the underlying felony that elevates the offense to capital murder. Both the district attorney and defense counsel expressed grave doubts as to whether or not this was permissible. They agreed, however, to present the issue to the trial judge, Honorable James D. Hester, and allow him to decide whether or not the crime of burglary merged with the capital murder, giving rise to only one offense charged. Judge Hester decided it was permissible to charge a defendant with both capital murder and burglary even though the burglary was the underlying felony elevating the crime of murder to capital murder and even though there was no separate indictment for burglary, and to accept pleas on both charges arising out of the same indictment.
*521 Thereafter, on February 18, 1986, Fuselier plead guilty to both capital murder and burglary of an occupied dwelling and received life imprisonment on the capital murder charge and twenty-five years on the burglary charge, with the sentences to run consecutively. On February 19, 1988, Fuselier filed a Motion to Set Aside Judgment of conviction of burglary,[1] asserting Fuselier had not been indicted on this charge and therefore the judgment was void and in violation of his right to due process. The motion was denied by Judge Billy Joe Landrum in an order dated February 5, 1992. It is from this order that Fuselier now appeals, pro se.

DISCUSSION

WHETHER IT WAS IMPERMISSIBLE TO CHARGE THE CRIME OF CAPITAL MURDER AND THE SAME BURGLARY THAT WAS NECESSARY TO SUPPORT THE CAPITAL MURDER OFFENSE, IN ONE INDICTMENT, AND ACCEPT PLEAS ON BOTH CHARGES ARISING OUT OF THE SAME INDICTMENT.
Fuselier was indicted as an habitual offender for unlawfully, willfully and feloniously and without authority of law killing and murdering one Rose Gunter, a human being, while engaged in the commission of the crime of burglary, in violation of Miss. Code Ann. § 97-3-19(2)(e). Fuselier, after having his conviction of capital murder and sentence of death reversed and remanded by this Court, pled guilty to both capital murder and burglary, receiving separate, consecutive sentences for both crimes. Fuselier now contends that the trial court committed reversible error in denying his Motion to Set Aside Judgment in his conviction for burglary because it was impermissible to convict him of both capital murder and burglary when it was that same burglary which was used to elevate the killing to capital murder in the first place. It is again noted that Fuselier was never separately indicted for burglary.
Fuselier designated as the record, "1. All clerk's papers, trial transcripts and exhibits filed, taken or offered in this case. 2. The order entered on 5th day of February, 1992. [sic] denying petitioner Post Conviction motion." The State argues that the trial court's order denying Fuselier's Motion to Set Aside should be affirmed because neither that motion, from the denial of which Fuselier now appeals, nor the indictment is contained in the record. The State cites several cases to support its contention. See, Jenkins v. State, 483 So.2d 1330, 1332 (Miss. 1986); Winters v. State, 473 So.2d 452, 457 (Miss. 1985); Mason v. State, 440 So.2d 318, 319 (Miss. 1983). It is well settled that "[t]his Court may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record." Dillon v. State, 641 So.2d 1223, 1225 (Miss. 1994) (quoting Shelton v. Kindred, 279 So.2d 642, 644 (Miss. 1973)). See also, Ross v. State, 603 So.2d 857, 861 (Miss. 1992); Collins v. State, 594 So.2d 29 (Miss. 1992); Smith v. State, 572 So.2d 847, 849 (Miss. 1990).
The only deficiency in the record in the case at bar is the inadvertent exclusion of the Motion to Set Aside Judgment. The State also complains about the exclusion of the indictment. However, Fuselier's indictment was part of the record in the appeal of his original conviction and therefore, already before this Court. The record on this appeal contained a certified copy of the docket page. A review of the docket clearly shows Fuselier was never reindicted after his original conviction was reversed and remanded by this Court.
Following the Court's actions in Dillon v. State, 641 So.2d 1223 (Miss. 1994), this case could be remanded for the purpose of augmentation of the record. Without the motion it is impossible for this Court to know, with certainty, the issue or issues presented to the trial court for deliberation and whether the issue raised in this appeal is the same. The failure of an appellant to raise an issue in his motion in the trial court for *522 postconviction relief precludes him from raising that issue on appeal. Gardner v. State, 531 So.2d 805, 808-09 (Miss. 1988); Colburn v. State, 431 So.2d 1111, 1114 (Miss. 1983). However, we have the option of recognizing plain error even when it is not brought to the attention of the trial court or this Court and we choose to do so in this instance. Grubb v. State, 584 So.2d 786, 789 (Miss. 1991); Livingston v. State, 525 So.2d 1300 (Miss. 1988); Gallion v. State, 469 So.2d 1247 (Miss. 1985). See also Rule 28(a)(3), Miss.Sup.Ct.R.
The trial court committed compound errors when it allowed Fuselier to plead guilty to a burglary for which he had not been indicted and when it effectively sentenced him twice for the same burglary.
"Outside the constitutional realm, the law is settled that with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment." Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989). A plea of guilty does not waive (1) the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, and a plea of guilty does not waive (2) subject matter jurisdiction. Id.

Conerly v. State, 607 So.2d 1153, 1156 (Miss. 1992).
Fuselier falls under the first exception, "failure of the indictment to charge a criminal offense." Fuselier was never indicted for burglary. When it was suggested that Fuselier could be found convicted of two crimes when he was only indicted for one, both the district attorney and defense counsel were appropriately skeptical. The trial court erred in allowing Fuselier to plead guilty to two separate crimes when he was only charged with one.
Convicting Fuselier of both felony murder and the underlying felony was also a violation of Fuselier's Fifth Amendment right against double jeopardy. Fuselier did not raise this issue at the trial level and as a general rule, constitutional questions not asserted at the trial level are deemed waived. Patterson v. State, 594 So.2d 606, 606 (Miss. 1992); Colburn v. State, 431 So.2d 1111, 1113 (Miss. 1983); Smith v. State, 430 So.2d 406, 407 (Miss. 1983). However, we decline to impose the procedural bar. As was stated in Luckett v. State, 582 So.2d 428, 430 (Miss. 1991), "[e]rrors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration ..." Citing Smith v. State, 477 So.2d 191, 195-96 (Miss. 1985). See Kennedy v. State, 626 So.2d 103 (Miss. 1993); Grubb v. State, 584 So.2d 786 (Miss. 1991). The constitutional right affected in this case is that against double jeopardy.
In Jones v. Thomas, 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989), a case relied on by Fuselier, the U.S. Supreme Court held that a "respondent's initial conviction and sentence for both felony murder and the underlying felony violated the third aspect of the Double Jeopardy Clause, the protection against `multiple punishments for the same offense' imposed in a single proceeding." 491 U.S. at 381, 109 S.Ct. at 2525, 105 L.Ed.2d at 331.
A similar situation was discussed by this Court in Meeks v. State, 604 So.2d 748 (Miss. 1992). In that case Meeks was indicted and convicted of capital murder with the underlying felony being kidnapping. He was also indicted and convicted of the same kidnapping used as the underlying felony in the capital murder conviction. Meeks was convicted on both charges and given separate sentences for both. Meeks appealed, arguing the State put him twice in jeopardy for the same kidnapping. This Court agreed and reversed and rendered the kidnapping conviction.
Fuselier plead guilty to both felony murder and the underlying felony, and received separate sentences for both, effectively convicting and sentencing him twice for the same burglary. This is clearly a violation of this Court's holding in Meeks.
Fuselier argues that his conviction and sentence for burglary should be vacated with the conviction and sentence for capital murder remaining as is. The State, on the other hand, urges that if this Court decides to vacate Fuselier's burglary conviction and sentence, that it be given the option to have *523 the capital murder conviction and sentence vacated as well, giving the State the authority to try Fuselier as an habitual offender on the capital murder charge and to seek the death penalty.
We must vacate Fuselier's burglary conviction and sentence as well as his guilty plea to capital murder. If we were to reverse and render only his burglary conviction and sentence, Fuselier, who testified at his plea hearing that he had four previous felony convictions, would now be eligible for parole on the capital murder sentence. In all probability, the State would never have made a plea bargain allowing Fuselier to plead to non-habitual capital murder, making him eligible for parole, if it had not been for the additional twenty-five year sentence for burglary. Fuselier should not be allowed to benefit from an invalid plea bargain entered into in good faith by the State.
There are no Mississippi cases in which a defendant who entered into a plea bargain with the State and subsequently plead guilty to multiple crimes had one but not all of his guilty pleas vacated. However, vacating both sentences is not much of a stretch from the logic espoused by this Court in Lanier v. State, 635 So.2d 813 (Miss. 1994). In that case Lanier was convicted of capital murder and sentenced to death. This Court affirmed his conviction, but reversed and remanded for resentencing. Thereafter, Lanier, who had not been indicted as a habitual offender, entered into an agreement with the State whereby he would waive his parole rights if the State would not seek the death penalty. This Court held the agreement void as against public policy, in that at that time the only sentencing option available were life imprisonment or death. The Court discussed the possibility of simply enforcing the agreement with the "without parole" provision deleted:
the effect would be to hold the State to the contract while allowing Lanier to shirk his contractual duty. The State has already carried out its end of the bargain by not pursuing the death penalty for Lanier. Now that Lanier has obtained this benefit, he seeks to be excused from his promise to forego any right to parole. By granting Lanier the relief he requests, this Court would be aiding him in manipulation of the criminal justice system. However, the contract is void, affording neither party any legally enforceable rights.
Lanier, 635 So.2d at 819.
As in Lanier, the State upheld its end of the bargain with Fuselier, allowing him to plead guilty to capital murder as a nonhabitual offender. However, this was a conditional bargain, with the condition being that Fuselier would also receive a consecutive twenty-five year sentence for burglary. Vacating Fuselier's guilty pleas to both burglary and capital murder puts both the State and Fuselier in the same position they were in before the plea bargain was made.

CONCLUSION
While the desire of all parties to reach acceptable solutions in such difficult cases may be commendable, the fact remains that such desires can only be successfully accomplished with the strict confines of the law. This Court is mindful of the gamut of emotion and great expense involved in a potential retrial but must act as the law dictates.
We reverse Fuselier's conviction of burglary and capital murder and remand for a new trial on the merits because of the failure of any separate indictment charging the offense of burglary and, further, because to sentence a defendant separately for both felony murder and the underlying felony is a violation of Fuselier's right against double jeopardy.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS and SMITH, JJ., concur.
McRAE, J., concurs in result only.
DAN M. LEE, P.J., not participating.
NOTES
[1] Although this motion is not contained in the clerk's papers, Fuselier attached a copy of the Motion to Set Aside to his Appellant's Brief.