# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-CP-01724-SCT

*BOBBY J. PINKNEY a/k/a BOBBY JOE PINKNEY a/k/a 'BJ'*

*v.*

*STATE OF MISSISSIPPI*

### ON MOTION TO CORRECT OPINION

| | |
|---|---|
| DATE OF JUDGMENT: | 10/12/1998 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/20/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/10/2000 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. The State's Motion to Correct opinion is granted. The original opinion is withdrawn, and this opinion is substituted therefor.

### STATEMENT OF THE CASE

¶2. Bobby J. Pinkney appeals to this Court on appeal from the denial of his motion for post-conviction relief by the Circuit Court of Hinds County, Mississippi. Pinkney is presently serving a life sentence for murder and fifteen (15) years for burglary to run consecutively with the life sentence. This is the third time this Court has reviewed Pinkney's case. See *Pinkney v. State*, 538 So. 2d 329 (Miss. 1988), *vacated and remanded*, *Pinkney v. Mississippi*, 494 U.S. 1075, 110 S. Ct. 1800, 108 L.Ed. 2d 931 (1990), *on remand*, *Pinkney v. State*, 602 So. 2d 1177 (Miss. 1992). Now, Pinkney appeals pro se to this Court following an order entered by the Hinds County Circuit Court denying post conviction relief.

### STATEMENT OF THE FACTS

¶3. First, Bobby J. Pinkney ("Pinkney") was convicted before the Circuit Court, Hinds County, of capital murder and sentenced to death. On appeal, this Court, 538 So. 2d 329 (Miss. 1988), affirmed. Pinkney petitioned for certiorari. The United States Supreme Court, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d

931(1990), vacated and remanded. On remand, this Court held that failure to properly define aggravating circumstance by use of limiting instruction required re-sentencing. 602 So. 2d 1177 (Miss. 1992).

¶4. On August 7, 1995, prior to the re-sentencing hearing, Pinkney and the State entered into a plea agreement where he pled guilty to simple murder and the separate offense of burglary. Pinkney received life imprisonment on the murder charge and fifteen years imprisonment on the burglary charge to run consecutively with the life sentence. On August 12, 1998, Pinkney filed a motion for post-conviction relief seeking to have his sentence for burglary reduced from fifteen years to ten tears. An order was filed on October 16, 1998, by the Circuit Court of Hinds County summarily dismissing this motion. Thus, feeling aggrieved, Pinkney appeals raising the following as issues of error:

## STATEMENT OF THE ISSUES

**I. THE TRIAL COURT ERRED WHEN IT ALLOWED CAPITAL MURDER DEFENDANT TO PLEAD GUILTY TO BOTH CAPITAL MURDER AND BURGLARY OF A DWELLING.**

**II. THE SENTENCE FOR BURGLARY EXCEEDS THE MAXIMUM AUTHORIZED BY MISSISSIPPI STATE STATUTORY LAW.**

## DISCUSSION OF LAW

**I. THE TRIAL COURT ERRED WHEN IT ALLOWED CAPITAL MURDER DEFENDANT TO PLEAD GUILTY TO BOTH CAPITAL MURDER AND BURGLARY OF A DWELLING.**

¶5. Pinkney asserts, for the first time here, that it was impermissible the State to charge in one indictment capital murder and the same burglary that was necessary to support the capital murder offense, and then for the trial court to accept pleas in both the charges arising out of the same indictment. Pinkney ascertains he received separate sentences for both charges, effectively convicting and sentencing him twice for the same burglary. He contends this issue of error violates the double jeopardy clause. Because of this alleged error, Pinkney argues the burglary conviction and sentence should be vacated.

¶6. Neither claim nor argument in support thereof was made in the lower court. Pinkney's motion for post-conviction relief specifically states, " [i]t is from the burglary imposition that petitioner complains". The motion is devoid of any rhetoric aimed at the constitutional validity of double jeopardy regarding his guilty plea. Because there is nothing in the record to suggest that this argument was raised in the trial court, this issue was not properly preserved for appeal. *Ross v. State*, 603 So. 2d 857, 860-61 (Miss. 1992). As a general rule, constitutional questions not asserted at the trial level are deemed waived. *Patterson v. State,* 594 So. 2d 606, 606 (Miss. 1992); *Colburn v. State*, 431 So. 2d 1111, 1113 (Miss. 1983); *Smith v. State*, 430 So. 2d 406, 407 (Miss. 1983). We thus apply the procedural bar to Pinkney's claim.

¶7. Additionally, the State also argues that Pinkney's claims are conclusively barred by the three-year statute of limitations of the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. § 99-39-5 (2) (Supp. 1999), as amended, states, in pertinent part, as follows:

A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is

taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after the entry of judgment of conviction. Excepted from this three- year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

¶8. Pinkney pled guilty to murder and burglary on August 7, 1995. Therefore, pursuant to Section 99-39-5(2), he was required to file any collateral attack on his sentence by August 7, 1998. *Odom v. State,* 483 So. 2d 343, 344 (Miss. 1986). The State also argues that Pinkney has not shown why the time bar should not be invoked against him by the exceptions stated in Section 99-39-5(2).

¶9. Pinkney's contention is that this Court should decline to exercise its right to impose the procedural bar because of the language in *Luckett v. State*, 582 So. 2d 428, 430 (Miss. 1991), "[e]rrors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration." *Fuselier v. State,* 654 So. 2d 519, 522 (Miss. 1995)(citing *Smith v. State*, 477 So. 2d 191, 195-96 (Miss. 1985)). After consideration of the issue, we find Pinkney's contention unpersuasive here. Accordingly we conclude that Pinkney's motion for post-conviction relief is also procedurally barred by the applicable three-year statute of limitations.

¶10. In the alternative, we address the merits of Pinkney's motion for post-conviction relief. The double jeopardy clause of the United States Constitution, found in the fifth amendment, provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb..." The Mississippi Constitution, Article 3, § 22, provides likewise: "no person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution." *Rush v. State,* 749 So.2d 1074, 1026 (Miss. 1999)(quoting *Gray v. State*, 605 So.2d 791, 792 n.1 (Miss. 1992)).

¶11. After Pinkney's case was remanded to the trial court for another sentencing proceeding, Pinkney and the State entered into a valid plea agreement. Pinkney pled guilty to the lesser included offense of murder and by criminal information pled guilty to the offense of burglary of an occupied dwelling. Pinkney now cites *Fuselier v. State*, 654 So. 2d 519, 522 (Miss. 1995), as authority in his claim asserting he could not be convicted both of capital murder and of the underlying offense which provided the basis for the capital murder charge.

¶12. The State correctly points out that Pinkney has made a correct assessment of the nature of the holding in *Fuselier*. However, he is incorrect in applying that holding to his case. The record clearly shows that Pinkney pled guilty to the lesser offense of murder and to the offense of burglary. By pleading guilty to murder, Pinkney's maximum sentence was life--not death. Consequently, Pinkney did not plead guilty to capital murder as in *Fuselier*. Double jeopardy is not implicated in this case.

### II. THE SENTENCE FOR BURGLARY EXCEEDS THE MAXIMUM AUTHORIZED BY MISSISSIPPI STATE STATUTORY LAW.

¶13. This Court is also faced with the issue of whether Pinkney, who pled guilty to burglary, is entitled to post conviction relief on the grounds that his sentence exceeded the maximum allowed by law. Pinkney argues that his fifteen-year burglary sentence is unlawful because the maximum sentence for burglary of a dwelling now is ten years. Pinkney is incorrect.

¶14. Although repealed in 1996,[1] the law in effect both at the time that Pinkney committed his crimes and at the time of his guilty pleas provided that the punishment for the crime of burglary of an occupied dwelling was "not less than seven nor more than fifteen years." Miss. Code Ann. §97-17-21 (1994). Pinkney's capital murder indictment specifically mentioned that the dwelling was occupied at the time of the breaking. Moreover, Pinkney's "Petition to Enter a Plea of Guilty", that specifically and correctly states that the maximum sentence for the crime of burglary to which he was to plead carried a maximum of fifteen years imprisonment as punishment. Miss. Code Ann. § 99-39-11(2) (1994) provides that the lower court may summarily dismiss the motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief...." In this case, the trial judge concluded after review of the original motion together with all files, records, transcripts, letters, and all correspondence relating to the judgment under attack, Pinkney was not entitled to the relief and the motion was dismissed.

¶15. Pinkney's second argument is without merit. The trial judge was statutorily empowered to sentence Pinkney to fifteen years. This Court finds no error. Accordingly, we affirm the dismissal of the petition for post conviction relief.

## CONCLUSION

¶16. Pinkney, after a valid plea bargain, pled guilty to murder and burglary and was sentenced according to the statute. Pinkney's motion for post-conviction relief is barred by two separate procedural bars: his failure to raise his claim in the circuit court and the three -year statute of limitations. In the alternative, we reject Pinkney's claims for post-conviction relief on the merits. Double jeopardy is not implicated nor was Pinkney's sentence for burglary in excess of the maximum allowed by statute. Therefore, we affirm the judgment of the Hinds County Circuit Court denying Pinkney's Motion for Post-Conviction Relief.

¶17. **DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., PITTMAN AND BANKS, P.JJ., McRAE, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR.**

1. The maximum punishment for a burglary such as that committed by Pinkney is this case is now twenty-five years' imprisonment. Miss. Code Ann. § 97-17-23 (Supp. 1999).