KITCHENS, Justice,
Concurring in part and in result.
¶ 25. Although I concur with Parts I, II, and IV of the majority’s opinion, as well as with today’s judgment, I do not join Part III because I would find that no procedural bar forbids Hood’s challenge to the constitutionality of the statute under which he stands convicted.
¶ 26. Generally, an error that does not draw an objection in the trial court is deemed waived. We have held that this is true even for constitutional challenges; but where the challenge concerns a fundamental constitutional right, we will not allow a procedural omission to prevent our considering it. Graves v. State, 969 So.2d 845, 846-47 (Miss.2007). See also Fuselier v. State, 654 So.2d 519, 522 (Miss.1995).
¶ 27. The rights guaranteed under the First Amendment to the U.S. Constitution and Article 3, Section 13, of the Mississippi Constitution are fundamental rights. See, e.g., Gitlow v. People of New York, 268 U.S. 652, 666, 45 S.Ct. 625, 69 L.Ed. 1138 (1925) (“[Fjreedom of speech and of the press ... are among the fundamental personal rights and ‘liberties’ protected by the due process clause of the Fourteenth Amendment from impairment by the states.”). Likewise, criminal defendants enjoy a fundamental right to due process. See, e.g., Luckett v. State, 582 So.2d 428 (Miss.1991). Because the conviction from which Hood filed this appeal stems from conduct implicating the First Amendment, see Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and because the vagueness argument he presents is, at its core, a contention that he has been denied due process, we should analyze this assignment of error.
¶ 28. Despite this disagreement, I maintain my concurrence with the majority’s judgment in this case because I conclude that the required analysis lends no aid to the appellant. The U.S. Supreme Court has settled the point that, although some forms of pornography enjoy the protection of the First Amendment, see id., child pornography is not among them. New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982).
¶ 29. Hood contends that the term “lascivious,” as used by Section 97-5-31 of the Mississippi Code to define the term “sexually explicit conduct” under Section 97-5-33, is unconstitutionally vague and that his conviction therefore violates the constitutional guarantee of due process. See Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). The test for vagueness is whether a statute proscribing or requiring conduct does so “in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.... ” Connally v. Gen. Constr. *559 Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926). For example, in Smith v. Goguen, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974), the high court voided for vagueness a Massachusetts statute that proscribed “contemptuous[ ]” treatment of the flag of the United States because the law failed “to draw reasonably clear lines between the kinds of nonceremonial treatment that are criminal and those that are not.”[8] Id. at 574, 94 S.Ct. 1242. On the other hand, in Grayned, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222, the justices upheld an Illinois statute that proscribed disturbance of the peace on school campuses under the expectation that state courts would limit application of the law to conduct clearly unprotected by the First Amendment. Id. at 111-12, 92 S.Ct. 2294. Although the Grayned. Court recognized that the ordinance had been crafted by words of “flexibility and reasonable breadth, rather than meticulous specificity,” id. at 110, 92 S.Ct. 2294 (quoting Esteban v. Central Missouri State College, 415 F.2d 1077, 1088 (8th Cir.1969)), the nation’s highest court found no constitutionally fatal lack of specificity, concluding that “it is clear what the ordinance as a whole prohibits.” Id.
¶ 30. Similarly, it is clear what Section 97-5-33 prohibits, particularly in light of the great lengths to which the U.S. Supreme Court has gone to identify the boundary between the realm of material protected by the First Amendment and material properly labeled constitutionally unprotected child pornography. See, e.g., Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113; Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002); United States v. Williams, 553 U.S. -, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008). As long as the language of the statute remains sufficiently clear that we are given no indication that this state’s trial courts will apply their punitive power against constitutionally protected conduct, we should not apply the vagueness doctrine as Hood urges. Indeed, the record in this case reveals that Hood mentioned the possibility of relocating to a jurisdiction in which he believed his conduct would enjoy greater protection. Maj. Op. at ¶ 2. Therefore, not only can we say, in accordance with Grayned, that it is clear to us what Section 97-5-33 prohibits; apparently, it also was clear to Hood himself.
¶ 31. Therefore, I would find no merit in Hood’s contention that he has been subjected to punishment under an unconstitutionally vague provision of law. But because I thought it important to address this issue, I concur in today’s opinion in part and in its correct result.
GRAVES, P.J., DICKINSON AND CHANDLER, JJ., JOIN THIS OPINION.

. Obviously, the high court greatly abrogated this holding, as it relates to desecrations of the American flag, by ruling in 1989 that the First Amendment protects communicative destruction of the banner. Texas v. Johnson, 491 U.S. 397, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989). Nevertheless, the case remains an example relevant to the topic of the vagueness doctrine.