KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 74. I respectfully disagree with the majority’s conclusion that the trial court did not err in failing to quash Count I of Anderson’s indictment.
¶ 75. The Sixth Amendment of the federal constitution guarantees that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation.” U.S. Const, amend. VI. The Mississippi Constitution also provides that “[i]n all criminal prosecutions the accused shall have a right ... to demand the nature and cause of the accusation.” Miss. Const, art. 3 § 26. Additionally, this Court expounded on these constitutional provisions when it promulgated Uniform Circuit and County Court Rule 7.06, which requires, among other things, that the indictment contain a “definite written statement of the essential facts constituting the offense charged,” fully notifying the defendant of the nature of the charges against him. Moreover, this Court requires an indictment to “apprise the defendant of the charge against him in fair and intelligible language (1) in order that he may be able to prepare his defense, and (2) the charge must be laid with sufficient particularity of detail that it may form the basis of a plea of former jeopardy in any subsequent proceedings.” Westmoreland v. State, 246 So.2d 487, 489 (Miss.1971).
¶ 76. In this case, Count I and Count II of the indictment charged Anderson with statutory rape in accordance with Mississippi Code Section 97 — 3—65(l)(b) (Rev. 2006). Count III of the indictment charged Anderson with sexual battery under Mississippi Code Section 97-3-95(2) (Rev.2006). Count I of the indictment alleged that Anderson:
in the First Judicial District of Harrison County, Mississippi, on or about November, 2006[,] did feloniously and unlawfully have sexual intercourse with [Allison], a child under the age of fourteen (14) years and twenty-four (24) or more months younger than the said David Paul Anderson and not the spouse of the said David Paul Anderson at the time in question, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
Count II of the indictment provided that Anderson:
*948 in the First Judicial District of Harrison County, Mississippi, on or about November, 25, 2006[,] did feloniously and unlawfully have sexual intercourse with [Allison], a child under the age of fourteen (14) years and twenty-four (24) or more months younger than the said David Paul Anderson and not the spouse of the said David Paul Anderson at the time in question, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
¶ 77. The date specified in Count II of the indictment is within the time period provided in Count I, which obviously includes November 25, 2006, and, when coupled with the identical verbiage of the two counts, renders the charges against Anderson indistinguishable from each other. Thus, the essential facts set forth in the indictment were insufficient meaningfully to inform Anderson of the nature of the charges against him. Because it was alleged that Anderson had committed statutory rape “on or about November, 2006,” in Count I and that he had committed an additional statutory rape on the same child “on or about November 25, 2006,” in Count II, the indictment did not inform Anderson of the charges against him with adequate clarity for him to determine whether he was accused of one offense or two, or if two, which occurred first and which second. For all that anyone can tell from the indictment, Anderson could have been charged with two counts of statutory rape that were alleged to have taken place concurrently on November 25, 2006.
¶78. Anderson argued, in both a pretrial hearing on his motion to quash Count I of the indictment and on appeal, that there was nothing in the indictment or the discovery to distinguish what evidence the State intended to offer against him for Count I versus Count II. The State responded by saying that Allison had alleged that “it” had happened some time prior to the December holidays. During the pretrial hearing on the motion to quash, the trial court questioned the State regarding whether it would introduce testimony with respect to one or two offenses during the month of November 2006. The State said that Allison “gave testimony that would for the most part narrow it down to the 25th of November, but in addition to that the victim has stated that the sexual abuse was frequent enough that at a minimum two acts occurred in November....” At trial, the child, for the first time, testified that Anderson had engaged in unlawful sexual contact with her before and after Thanksgiving in November of 2006.
¶ 79. With regard to the specific date of November 25, 2006, in Count II, Anderson was able to provide alibi testimony from his brother; however, because of the insufficient notice provided by Count I of the indictment, it was impossible for Anderson to determine whether he had an alibi, or any other defense, to that indistinguishable accusation.
¶ 80. The majority relies on the provision of Uniform Circuit and County Court Rule 7.06 which provides that “failure to state the correct date shall not render the indictment insufficient.” Obviously, the rule contemplates a single charge and does not take into account the possibility of multiple charges, let alone multiple, identical charges. The problem in this case is not that the indictment provided a wrong date; rather, the date in Count I subsumed the date provided in Count II, thereby providing too little information for Anderson to have adequate notice of the nature of the charges against him. Our case law requires that an indictment provide the defendant sufficient and particular detail of the alleged offenses so that he may prepare his defense. Westmoreland, *949 246 So.2d at 489. However, the indictment in this case failed to provide Anderson the requisite level of detail so that he could adequately prepare his defense, thereby depriving him of his constitutional right to be informed of the nature and cause of the accusations against him. U.S. Const, amend VI; Miss. Const, art. 3, § 26.
¶ 81. The majority relied on Eakes v. State, 665 So.2d 852, 860 (Miss.1995), for the proposition that specific dates in indictments are “not required so long as the defendant is fully and fairly advised of the charge against him.” In Eakes, the defendant was convicted of three counts of sexual battery, and claimed on appeal that the indictment was defective because, among other things, it did not contain specific dates. Id. The indictment against Eakes provided that the alleged offenses had occurred “on, about or between:” (1) December 1, 1990 and December 24, 1990; (2) February 1, 1991 and April 30, 1991; and (3) “on or about” May 11 and 12,1991. Id. In that case, Eakes’s indictment clearly distinguished each of the charged crimes from the others by plainly alleging that they had occurred at separate and distinct times. The issue raised in Eakes is vastly different from the problem presented in the ease at bar, where the allegation that an offense had occurred “on or about November, 2006,” presented in Count I of the indictment encompassed the date of “on or about November 25, 2006” designated in Count II of the indictment, rendering the charges so indistinguishable from each other that no one can say that Anderson was not, in this case, twice convicted of the same conduct.
¶ 82. An indictment must contain “sufficient facts to enable [the defendant] to plead double jeopardy in the event of future prosecution for the same offense.” Berry v. State, 996 So.2d 782, 786 (Miss. 2008) (quoting Gilmer v. State, 955 So.2d 829, 836-37 (Miss.2007)). The Fifth Amendment of the federal constitution provides in part, “nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb_” U.S. Const, amend. V. The Mississippi Constitution also provides that “[n]o person’s life or liberty shall be twice placed in jeopardy for the same offense.... ” Miss. Const, art. 3, § 22.
¶ 83. The double jeopardy clause guarantees three separate constitutional protections: “(1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense.” Graves v. State, 969 So.2d 845, 847 (Miss. 2007) (citing U.S. v. Dixon, 509 U.S. 688, 695-96, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993)). Anderson did not raise double jeopardy on appeal; however, “the protection against double jeopardy is a fundamental right, [and] we will not apply a procedural bar....” Graves, 969 So.2d at 846-47 (citing Fuselier v. State, 654 So.2d 519, 522 (Miss.1995)). Here, the vagueness of Counts I and II in Anderson’s indictment prevents him from pleading double jeopardy. Anderson does not know the specific acts of which he has been convicted, and he is unable to ascertain whether he is currently being punished twice for a single act.
¶ 84. As no statute of limitations exists for this crime, there is nothing to prevent a future grand jury’s indicting Anderson for a third statutory rape of this child during the one-month period alleged in the indictment. The record contains as much evidence of three offenses as it does of one or two. Specifically, Allison testified that the November offense was not the first time that Anderson had engaged in unlawful conduct with her, and that Anderson *950 had been committing these offenses on Allison since she was approximately seven years old. At trial, the child testified, for the first time, that Anderson had engaged in unlawful contact with her before and after Thanksgiving in November of 2006. Further, during the pretrial hearing on the motion to quash Count I of the indictment, the State alluded to its having enough testimony to support up to twenty separate incidents that allegedly had occurred in November of 2006. The evidence the State used to prove Count I of the indictment, coupled with the vague language of the indictment, leaves the door open for the State to bring numerous additional indictments against Anderson for the same act. If Anderson is indicted in the future for one count of statutory rape of this child, alleged to have happened “on or about November 2006,” in the same county and state, no one, including this Court, will be able to determine whether he previously was tried for the same conduct. Anderson will be unable to assert double jeopardy in the event of subsequent prosecution(s) for the same conduct.
¶ 85. Count I of the indictment should have been quashed for failing to inform Anderson of the nature and cause of the accusations against him in violation of the Sixth Amendment of the United States Constitution and Article 3, Section 26, of the Mississippi Constitution, and because that count is constitutionally inadequate for its clear violation of the former jeopardy provisions of the Fifth Amendment to the United States Constitution and Article 3, Section 22, of the Mississippi Constitution. Accordingly, I would reverse and render the conviction on Count I of the indictment, but I would affirm the convictions and sentences for Counts II and III.